**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-08020-002-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Pernell Corna Sam, | |
| Defendant. | |

Before the Court is Defendant's letter to the Court (Doc. 145) filed on August 5, 2020. The Court will treat Defendant's letter as both a *pro se* Motion to Reconsider the Court's denial of his Motion for Early Release (Doc. 142) and as a Motion to Appoint Counsel.  For the reasons set forth herein, Defendant's Motion for Reconsideration and his Motion to Appoint Counsel are denied.

So long as the Court retains jurisdiction, it may in its discretion reconsider its rulings.  That discretion should ordinarily be exercised when the judge is convinced that the ruling was wrong and that rescinding it would not cause undue harm to the parties. *See U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (citing *Avitia v. Metropolitan Club of Chicago, Inc.,* 49 F.3d 1219, 1227 (7th Cir.1995)).  Thus, motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife,* 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)).

Here, Defendant's Motion to Reconsider points to no newly discovered evidence, clear error, or intervening change in the law. The Court denied his original Motion for Early Release (Doc. 142) because he asserted neither extraordinary nor compelling reasons recognized by the Sentencing Commission and because he did not allege facts that could enable the Court to determine that he is no longer a danger to any other person or to the community. There is no new allegation in his Motion for Reconsideration that addresses either reason given by the Court for denying his original motion.

Defendant also seeks the appointment of counsel. When Defendant filed his *pro se* motion for sentence reduction (Doc. 142), the Federal Public Defender's Office reviewed it pursuant to General Order 20-28 to determine whether a basis exists for appointment of counsel. In its Notice Regarding Defendant's Pro Se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), the Federal Public Defender stated that because "Mr. Sam's *pro se* motion does not assert any circumstances that fall into the Sentencing Commission's criteria for compassionate release[,] the Federal Public Defender sees no basis for appointment of counsel." (Doc. 143 at 1.) The Court agrees. Defendant's request for reconsideration does not assert any new circumstances that fall into the Sentencing Commission's criteria for compassionate release. Therefore, there is no basis for the appointment of counsel.

/ / /

/ / /

/ / /

**IT IS ORDERED** that Defendant's pro *se* Motion to Reconsider and for the Appointment of Counsel (Doc. 145) is **DENIED.**

Dated this 10th day of August, 2020.

Douglas L. Rayes
United States District Judge